UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cr-24-MOC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSE RAMIREZ-GUEVARA | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant Jose Ramirez-Guevara's ("Defendant") Pro Se Motion to Reduce Sentence Pursuant to U.S.S.C. Amendment 821. (Doc. No. 116). The Government has filed a response in opposition. (Doc. No. 124). Because Defendant was sentenced after the effective date of Amendment 821 and already benefitted from the two-offense-level decrease, the Court will deny the motion.

I. Background

In 2021, Defendant participated in a drug-trafficking organization that distributed large quantities of methamphetamine, fentanyl, and heroin in and around Charlotte, North Carolina. (Doc. No. 98 ¶¶ 9–24). A federal grand jury indicted Defendant and charged him with conspiracy to distribute and possess with intent to distribute at least 500 grams of methamphetamine, 400 grams of fentanyl, 100 grams of heroin, and a detectable amount of cocaine, 21 U.S.C. § 846; and four substantive drug-trafficking offenses, 21 U.S.C. § 841(a)(1). (Id.; Doc. No. 27). Defendant pleaded guilty to possessing with intent to distribute at least 500 grams of methamphetamine. (Doc. Nos. 74, 98). Defendant stipulated in his plea agreement that the amount of methamphetamine, fentanyl, heroin, and cocaine that were reasonably foreseeable

to him corresponds to at least 90,000 kilograms of converted drug weight and a base offense level of 38. (Doc. No. 74 ¶ 8(a)).

This Court's probation office submitted a presentence report and calculated a total offense level 33. (Doc. No. 98 ¶ 47). That offense level included a two-offense-level reduction under U.S.S.G. § 4C1.1 for certain "zero-point offenders" and as provided by Amendment 821 to the Sentencing Guidelines. (Id. ¶ 46; U.S.S.G. § 4C1.1). This Court sentenced Defendant to 111 months in prison on January 10, 2024, after the November 1, 2023, effective date of Amendment 821. (Doc. No. 107). Defendant now asks this Court to reduce his sentence based on that same guideline.

**II.    Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. (See U.S.S.G. amend. 821). The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). (U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d)).

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal-history points. (U.S.S.G. amend. 821 pt. B). A defendant is not eligible for this reduction if (1) he received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) he used violence or credible threats of violence in connection with her offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he personally caused substantial financial hardship; (6) he possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in

connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) he received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) he was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) he received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) he was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. (Id.)

For defendants who meet the requirements of Amendment 821, U.S.S.G. § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." (U.S.S.G. § 1B1.10(a)(2)(B)). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. (Id. § 1B1.10(b)(2)). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." (Id. § 1B1.10(b)(1)). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." (Id. § 1B1.10(b)(2)(B)). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. (Id. § 1B1.10(b)(2)(C)).

### III. Analysis

Defendant is not eligible for a reduction in his sentence. Although he was assessed zero

criminal-history points, he was sentenced on January 10, 2024, after the effective date of Amendment 821, and already received its benefit. Therefore, because Defendant is not eligible for a sentence reduction, this Court denies his motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to U.S.S.C. Amendment 821, (Doc. No. 116), is **DENIED**.

Signed: October 4, 2024

Max O. Cogburn Jr
United States District Judge